IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE VINCI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPOKEO, INC., a Delaware Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Spokeo, Inc. ("Spokeo") files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. For the reasons set forth below, removal is proper based on 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## INTRODUCTION

1. On January 19, 2017, plaintiff Nicole Vinci filed a putative class action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled *Nicole Vinci v. Spokeo, Inc.*, Case No. 2017-CH-00845. Plaintiff's complaint alleges that Spokeo violated the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq*. A copy of plaintiff's complaint, together with all process, pleadings, and orders served upon Spokeo, are attached as **Exhibit A**.

## BASIS FOR JURISDICTION UNDER CAFA

2. Spokeo is entitled to remove this action pursuant to the Class Action Fairness Act ("CAFA"), codified under 28 U.S.C. § 1332.

3. CAFA grants federal district courts original jurisdiction over a civil class action in which any plaintiff is a citizen of a state different from any defendant and the aggregate amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

4. CAFA authorizes removal of such an action in accordance with 28 U.S.C. § 1446.

5. This action meets each CAFA requirement for removal because (a) it is a putative civil class action; (b) Spokeo is not a state, state official, or other government entity; (c) there is diversity of citizenship between at least one class member and one defendant; (d) the amount in controversy for all class members exceeds $5,000,000; and (e) the proposed class contains at least 100 members.

          **A.**     **This Is A Putative Class Action As Defined By CAFA**

6. CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. Pursuant to 735 ILCS 5/2-801, plaintiff purports to bring a class action on behalf of herself and a class defined as follows: "All Illinois residents (1) whose names were displayed in one or more Spokeo advertisement(s) on Google or Bing, and (2) who have never purchased any products or services from Spokeo." Compl. ¶ 34.

8. Illinois Rule of Civil Procedure 5/2-801 authorizes an action to be brought by one or more representative persons as a class action.

9. As such, this action is properly considered a putative class action under CAFA.

2

### B. Defendant Is Not A Governmental Entity

10. Spokeo is a private company and thus is not a "State[], State official[], or other governmental entit[y] against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

### C. Plaintiff's Citizenship Is Diverse From Defendant's Citizenship

11. CAFA's minimal diversity requirement is satisfied when "any member of a class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

12. Nicole Vinci is a citizen of the State of Illinois. Compl. ¶ 7.

13. Spokeo is incorporated in the State of Delaware, and maintains its principal place of business in Pasadena, California. Compl. ¶ 8.

14. Accordingly, Spokeo is a citizen of Delaware and California, and not Illinois, for diversity purposes. 28 U.S.C. §§ 1332(a)(1), (c)(1).

15. Thus, CAFA's minimal diversity requirement is met.

### D. The CAFA Amount-In-Controversy Requirement Is Satisfied

16. Although Spokeo denies the validity and merit of plaintiff's claim, denies that plaintiff and putative class members are entitled to any relief, and denies that plaintiff can certify the proposed class, the damages claimed by plaintiff on behalf of herself and the putative class exceed CAFA's $5,000,000 jurisdictional minimum.

17. Unlike traditional amount-in-controversy review, CAFA requires that the claims of individual class members be aggregated: "In any class action, the claims of the individual

3

class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest." 28 U.S.C. §§ 1332(d)(6).

18. "[A]s specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("No antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court."); *see also Bullard v. Burlington N. Santa Fe Ry.*, 556 F. Supp. 2d 858, 859 (N.D. Ill. 2008). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 155 S. Ct. at 554. "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 488 (7th Cir. 2005); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (same).

19. On behalf of the class, plaintiff's complaint seeks "the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class"; "punitive damages where applicable"; and "injunctive and other equitable relief as necessary to protect the interest of the Class." Compl. Prayer for Relief C-E; *see* 765 ILCS 1075/40(a) (providing that violators of IRPA "may be liable for either of the following, whichever is greater: (1) actual damages, profits derived from the unauthorized use, or both; or (2) $1,000"). Plaintiff does not specify a time period for the class, but the statute of limitations for a violation of IRPA is one year after the date of initial publication of plaintiff's identity. *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188,

4

1193 (Ill. App. Ct. 2006); *Martin v. Living Essentials, LLC*, 160 F. Supp. 3d 1042, 1046 (N.D. Ill. 2016), *aff'd*, 653 F. App'x 482 (7th Cir. 2016).

20. Plaintiff's demand for statutory damages for each alleged violation satisfies CAFA's amount-in-controversy requirement. Because $1,000 multiplied by 5,001 equals $5,001,000, the class may seek the jurisdictional minimum by establishing 5,001 violations.

21. The complaint alleges that Spokeo displayed advertisements on Google and Bing in response to searches by U.S. consumers of names of Illinois residents. Compl. ¶¶ 2, 6. Although Spokeo cannot ascertain with precision how many times a name of an Illinois resident was displayed in a Spokeo advertisement on Google or Bing, in part because many names are shared by people across the U.S. (for instance, "John Smith," "Bob Jones," and "Nicole Vinci"), it is nonetheless easy to determine that at least 5,001 Spokeo ads displayed a name of an Illinois resident, given the annual volume of Spokeo ads and the total adult population of Illinois in relation to the total U.S. adult population.

22. According to the U.S. Census Bureau, 249,485,228 persons over the age of 18 reside in the United States. *See* https://www.census.gov/data/tables/2016/demo/popest/nation-detail.html. 9,875,430 persons over the age of 18 reside in Illinois. *Id.* Thus, approximately 3.9% of the U.S. adult population are Illinois residents. Based on a conservative estimate, at least 1% of Spokeo advertisements on Google or Bing would have displayed a name of an Illinois resident, which would be over 5,001 advertisements. As described above, because 5,001 multiplied by the $1,000 statutory damages remedy equals $5,001,000, plaintiff seeks damages exceeding CAFA's $5,000,000 jurisdictional minimum.

23. This conclusion finds further support in plaintiff's demand for injunctive relief and punitive damages. *See, e.g.*, *Home Depot, Inc. v. Rickher*, 2006 U.S. App. LEXIS 32391, at *3 (7th Cir. May 24, 2006) ("The amount in controversy includes . . . the cost a defendant incurs in complying with injunctive relief." (internal quotation marks omitted)); *Falco v. Vibram USA, Inc.*, 2013 WL 1122825, at *6 (N.D. Ill. Mar. 18, 2013) ("[T]he Court is entitled to consider potential punitive damages as part of the amount in controversy"); *see also Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011); *Back Doctor Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011); *Tucker v. Papa John's Int'l, Inc.*, 2015 WL 1042137, at *2 (S.D. Ill. Mar. 6, 2015).

24. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011); *see also Brill*, 427 F.3d at 448. Spokeo has offered a plausible explanation here.

### E. The Proposed Class Contains At Least 100 Members

25. As described above, while Spokeo cannot ascertain with precision the number of Illinois residents who have names that were displayed in Spokeo advertisements on Google and Bing, the number of Spokeo advertisements and the adult population of Illinois confirm that the alleged putative class is far larger than 100 members and thus sufficiently large under 28 U.S.C. §1332(d).

### F. CAFA's Exceptions Do Not Apply

26. Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *Marconi v. Ind. Mun. Power Agency, ISC, Inc.*, 2015 U.S. Dist. LEXIS 106813, at

6

*21 (N.D. Ill. Aug. 13, 2015). CAFA provides one discretionary exception and two mandatory exceptions; all three require that the defendant be a citizen of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3)-(4). These exceptions do not apply because Spokeo is not a citizen of Illinois.

## 28 U.S.C. § 1446's REQUIREMENTS

27. <u>Removal is timely</u>. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Plaintiff served her complaint upon Spokeo on January 27, 2017. Spokeo filed this notice of removal within thirty (30) days of receiving the complaint as required by 28 U.S.C. § 1446(b).

28. <u>Removal is to the proper court</u>. Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the removed action has been pending.

29. <u>Pleadings and process</u>. Pursuant to 28 U.S.C. § 1446(a), Spokeo files herewith a true and accurate copy of all process, pleadings, and orders filed in the state court.

30. <u>Notice to state court</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff's counsel and filed with the Clerk of the Circuit Court of Cook County, Illinois under Cause No. 2017-CH-00845.

## RESERVATION OF RIGHTS

By removing this case to this Court, Spokeo reserves all rights and defenses, including but not limited to seeking dismissal on the ground that plaintiff has not stated a claim upon which relief can be granted and all other available grounds for dismissal.

WHEREFORE, defendant Spokeo, Inc. hereby removes the above-referenced action now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the U.S. District Court for the Northern District of Illinois, Eastern Division.

Dated: February 27, 2017

Respectfully Submitted,

SPOKEO, INC.

By: /s/ Christopher S. Comstock
John Nadolenco (*pro hac vice* application forthcoming)
Mayer Brown LLP
350 South Grand Avenue
25th Floor
Los Angeles, California 80071
(213) 229-9500
(213) 625-0248 (facsimile)

Christopher Comstock
Mario E. Martinez
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 (facsimile)
Firm I.D. 43948

Lauren Goldman
Michael Rayfield (*pro hac vice* application forthcoming)
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500
(212) 262-1910 (facsimile)

**CERTIFICATE OF SERVICE**

I, Christopher Comstock, an attorney, caused a true and correct copy of the foregoing Notice of Removal to be served on:

>Ari J. Scharg
>Benjamin H. Richman
>Edelson PC
>350 N. LaSalle St. 13th Floor
>Chicago, Illinois 60654

via U.S. mail delivery by placing the same in the U.S. mail at 71 South Wacker Drive, Chicago, Illinois 60606, on this 27th day of February, 2017.

>/s/ Christopher S. Comstock
>Christopher Comstock
>Mayer Brown LLP
>71 South Wacker Drive
>Chicago, Illinois 60606
>(312) 782-0600
>(312) 701-7711 (facsimile)