# EXHIBIT A

Date Served: 1/21/17

**Edelson PC**

Time Served: 300~

350 North LaSalle Street, 13th Floor, Chicago, Illinois 60654
t 312.589.6370 | f 312.589.6378 | www.edelson.com

DN

January 25, 2017

**VIA PROCESS SERVER**

Spokeo, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, Delaware 19801

Re: *Vinci v. Spokeo, Inc.*, No. 2017-CH-00845 (Ill. Cir. Ct.)
<u>Preservation, Discovery, and Production</u>

To Whom It May Concern:

I write to provide notice to Spokeo, Inc., of its instant and continuing duty to preserve all documents, records, data, information, and other tangible evidence that are relevant to or which may lead to the discovery of information relevant to the subject matter of the above-referenced lawsuit. This duty applies to this case as well as to all existing or future additional related actions that may be commenced, and extends to Spokeo, Inc., as well as its agents, affiliates, independent contractors, and others acting on their behalf (collectively, "Spokeo"), to the extent those individuals or entities have any such information within their possession, custody or control.

In particular, Plaintiff intends to seek the production of relevant, non-privileged information, including documents, correspondence, and other electronically stored information ("ESI") relating to: (i) your use of dynamic keyword insertion and search engine advertising, (ii) details of each of your search engine advertisements that featured the names of Illinois residents, (iii) analytics related to your search engine advertising, (iv) any and all data and metadata (including, but not limited to dynamically inserted keywords, caches, logs, etc.) generated by or containing requests made to your servers as a result of advertisements, and (v) every individual that purchased products and services, including reports, through your website(s).

Plaintiff intends to seek the above-described information in its native electronic format. Thus, absent agreement by the Parties, copying, preserving, or otherwise converting any digital evidence or information to .tiff files or other non-native formats will not be considered compliant with this notice, irrespective of whether such production is made in connection with Plaintiff's anticipated written discovery requests.[1] Additionally, Spokeo has a continuing duty to suspend

---

[1] To be clear, we're willing to discuss (and receive) alternative forms of production for the sake of efficiency. Nevertheless, Spokeo should preserve all relevant and discoverable information and documents in their native data format in the event that production in that form is ultimately necessary. Regardless of form, Plaintiff reserves the right to seek the production of discoverable information in its native format.

**Chicago | San Francisco**

**Edelson PC**

*Vinci v. Spokeo, Inc.*
January 25, 2017
Page 2 of 3

all routine data retention policies and other processes or practices to the extent they involve the destruction of any evidence that is or is likely to be considered relevant in this matter, and should have already done so. We also remind Spokeo of its continuing obligation to preserve evidence that may come into existence after the date of this letter, or which may exist now or in the future, but of which it has no current knowledge.

Finally, we propose that the Parties schedule a conference between counsel and any other necessary persons to address the nature and context of ESI discovery in this matter. In an effort to facilitate the Parties' discussions, we may have present and participating at any such conference our technology expert(s) and propose that Spokeo do the same. During the conference, we intend to discuss the nature, form, and format for the production of ESI by Spokeo in response to Plaintiff's anticipated written discovery requests. Our objective in proceeding in this manner is to reach agreement on a stipulated ESI discovery protocol, which will minimize the potential for misinterpretation of discovery requests, deficient discovery responses and discovery-related motion practice. At the conference and in addition to the issues outlined above, we intend to raise and will be prepared to discuss the following non-exhaustive list of topics:

a. Agreement as to general discovery-related definitions to be used by the Parties;

b. Identification of individuals, including any non-party or third-party individuals, who can testify to ESI-related issues, including network and computing infrastructure, electronic records management and retention, and sources of potentially relevant ESI;

c. Identification of all data storage, whether connected or not connected to Spokeo's network mapping that may be a source of relevant ESI;

d. Spokeo's policies for managing the system(s) that generate and store ESI. Examples include, but are not limited to, back-up and business continuity policies, data retention policies, as well as internally and externally prepared audit reports documenting adherence to these policies;

e. The necessity for restoration of previously deleted data and information;

f. Determining whether back-up and archive information is within the scope of discovery;

g. Spokeo's data protection policies and methodologies, such as continuous data protection, database snapshot or other rollback technologies;

h. Existing and continuing necessity for ESI preservation;

i. Existing and future necessity for forensic evidence collection, preservation orders, and other extraordinary ESI preservation activities;

**Chicago | San Francisco**

**Edelson PC**

*Vinci v. Spokeo, Inc.*
January 25, 2017
Page 3 of 3

j.  ESI search terms, search protocols, sampling, and error testing;

k.  Nature, form, and format of ESI production;

l.  Production (where applicable) of structured data, including search queries;

m.  Nature, form, and format of initial disclosures of ESI;

n.  Description of the processes of production;

o.  Production schedule and costs;

p.  Privilege log format, timing, and privileged document metadata;

q.  Clawback issues; and

r.  Documenting efforts to reach an accord regarding ESI and general discovery disputes.

Of course, if there are any additional discovery-related matters you would like to discuss, we would certainly be willing to do so. If, however, you are unwilling to engage in such discussions or otherwise disagree with this proposal, please let us know as soon as possible, so that we may bring the Parties' respective positions to the attention of the Court at the appropriate time. If you are willing to engage in the discussions outlined above, please let me know when you and your technology expert(s) (if any) are available to do so.

We look forward to working with you to expedite the discovery process in this matter and more generally.

Best regards,

EDELSON PC

Jamie J.R. Holz

**Chicago | San Francisco**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NICOLE VINCI

v.

SPOKEO, INC.

No. 2017-CH-00845

Defendant Address:
SPOKEO, INC.
R/A C T CORPORATION SYSTEM
818 W 7TH ST
STE 930
LOS ANGELES, CA 90017

☑ SUMMONS  ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 44146

Name: KAMBER EDELSON LLC

Atty. for: NICOLE VINCI

Address: 350 N LASALLE 1300

City/State/Zip Code: CHICAGO, IL 60654

Telephone: (312) 589-6370

Primary Email Address: ascharg@edelson.com

Secondary Email Address(es):

Witness: Thursday, 19 January, 2017

DOROTHY BROWN, Clerk of Court

Date of Service: 

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

Case: 1:17-cv-01519 Document #: 1-1 Filed: 02/27/17 Page 6 of 17 PageID #:15

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
CALENDAR: 07
PAGE 1 of 12
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| NICOLE VINCI, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> SPOKEO, INC., a Delaware Corporation, <br><br> *Defendant*. | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nicole Vinci brings this class action complaint against defendant Spokeo, Inc. ("Defendant" or "Spokeo") to put an end to its unlawful practice of using the names and identities of Illinois residents without their consent to promote its service. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her own attorneys.

## NATURE OF THE ACTION

1. Defendant Spokeo is an online service that sells profile reports about people to anybody willing to pay for them. These reports are based upon information compiled from databases and public repositories, as well as other data points gathered through Spokeo's "proprietary deep web technology."[1]

2. To sell more reports, Spokeo displays paid advertisements to every consumer that searches a person's name on Google or Bing. These advertisements all feature the same alluring headline—"We Found [the person's name]"—and are designed to give the appearance that the

---

[1] http://www.spokeo.com/public-record-search (last visited Jan. 19, 2017).

1

reports contain valuable information about the person including, his or her address, phone number and pictures.

3. In reality, however, these advertisements are auto-generated using a tactic called Dynamic Keyword Insertion, which Spokeo uses to automatically trigger the display of the "We Found [ ]" ads and to replace the "[ ]" with the first and last name that was typed into the search bar. Thus, although Spokeo creates the impression that it "Found" somebody, all it did was plug the name of the person searched on Google or Bing into its otherwise generic advertisement.

4. The reason that Spokeo prominently features people's names in its advertisements is to draw attention to its products and create a sense of alarm and urgency in the hopes that the targeted consumer will purchase a report. In other words, Spokeo uses people's names in its advertisements as a marketing ploy.

5. Unsurprisingly, none of the people appearing in these advertisements provided Spokeo with their consent (written or otherwise) to use their names for any reason, let alone for marketing purposes.

6. By using Illinois residents' full names in its paid advertisements without their consent for its commercial gain, Spokeo violated—and continues to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq*.

## PARTIES

7. Plaintiff Nicole Vinci is a natural person and a citizen of the State of Illinois.

8. Defendant Spokeo, Inc., is a corporation existing under the laws of Delaware with its principal place of business located at 556 S. Fair Oaks Ave, #101-179, Pasadena, California 91105.

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 2 of 12

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and has committed tortious acts in Illinois.

10. Venue is proper in Cook County under 735 ILCS 5/2-101 because Defendant is a nonresident of the State, and thus, the action may be commenced in any county.

## COMMON FACTUAL ALLEGATIONS

### *The Illinois Right of Publicity Act*

11. In 1999, the Illinois Legislature recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent exploitation of individuals' identities for another's commercial gain.

12. The Act protects individuals from unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

13. In fact, the IRPA states that "a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person...." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

### *A Brief Overview of Spokeo*

14. Spokeo owns and operates a website that compiles and sells detailed profile reports about people that it compiles from databases and public repositories, as well as other data

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 3 of 12

3

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 4 of 12

points gathered through its "proprietary deep web technology."[2]

15. Spokeo's reports must be purchased from its website, and according to Spokeo, may include high value information including, *inter alia,* the individual's address, marital status, court records, and phone number.

16. Customers either pay a one-time fee per report or purchase one of several memberships for access to reports. For example, Spokeo sells a "Name Report" for a one time fee of $1.95 and a one month membership for "Casual Users" for $13.95 per month.[3]

17. Spokeo heavily promotes its products and services through online targeted advertising using the "pay-per-click" model ("PPC"). PPC advertising allows Spokeo to display a paid advertisement on a search engine result page (like Google or Bing) whenever a search is performed that includes a person's first and last name.

*Spokeo Features People's Full Names in its Advertisements*

18. According to Google, "[n]owadays, more and more personal information surfaces on the web. For example, some of your friends might mention your name in a social network or tag you on online photos, or your name could appear in blog posts or articles."[4] To discover personal information (or more information in general), individuals often look up names using a search engine. Notably, employers rely on this method to screen potential employees.[5]

19. When a person searches for a name using a search engine, two types of search results are returned: organic and paid.

---

[2] http://www.spokeo.com/public-record-search (last visited Jan. 19, 2017).
[3] https://www.spokeo.com/purchase (last visited Jan. 19, 2017).
[4] *Manage your online reputation - Accounts Help*, Google, https://support.google.com/accounts/answer/1228138?hl=en (last visited Jan. 19, 2017).
[5] Susan P. Joyce, *What 80% Of Employers Do Before Inviting You For An Interview* | The Huffington Post (March 1, 2014, 7:45 AM), http://www.huffingtonpost.com/susan-p-joyce/job-search-tips_b_4834361.html (last visited Jan. 19, 2017).

4

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 5 of 12

20. The organic results appear according to the search engine's algorithm that selects and sorts websites according to hundreds of factors, including the website's credibility, popularity, and its relevance to the search terms. Search engines call these results "organic" because they naturally generate them. Companies do not pay the search engines to have their websites displayed. Here, the algorithm selects websites that contain the searched individual's name on its website (*i.e.*, the website's title, headings, and body paragraphs). For example, organic search results may include links to an individual's social media pages.

21. The paid results, however, appear because some companies (such as Spokeo) pay the search engine to display their advertisements. Here, Spokeo pays search engines like Google and Bing to display its advertisements when a person searches for a person's name. These advertisements appear on the top, bottom, or side of the search result page and contain an "Ad" icon indicating that a company paid for that result.

22. Spokeo's advertisements appear among the paid search results. The defining feature of Spokeo's advertisement is the alluring use of the searched person's full name (*e.g.*, Nicole Vinci). Specifically, Spokeo's advertisements represent that "We Found [searched person's full name]." *See* Figure 1 and Figure 2, below, which show Spokeo's advertisements that were displayed on Bing in response to a search for "Nicole Vinci."

> We Found **Nicole Vinci** - Looking for **Nicole Vinci**?
> Ad · www.Spokeo.com/Nicole Vinci
> Looking for **Nicole Vinci**? Get Cell Phone #, Address, Pics & More.

(Figure 1)

5

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 6 of 12

> **We Found Nicole Vinci | Spokeo.com**
> **Ad · www.Spokeo.com/Nicole Vinci**
> Cell Phone #, Address, Pics & More. **Nicole Vinci's** Info - Free Look!

(**Figure 2**)

23. To create the advertisements above, Spokeo uses a method called Dynamic Keyword Insertion to plug the first and last name of any person searched into its otherwise generic advertisement. This technique is used to create targeted advertisements that appear to respond directly to what was searched. Accordingly, Spokeo misleads people to believe it "found" the searched person—even if Spokeo does not have a report (or any information) on that individual.

24. In this way, each and every one of the advertisements at issue are false and misleading because Spokeo didn't actually conduct a search of any kind or take any steps to determine whether it could locate the person it claimed to find. Instead, it simply used Dynamic Keyword Insertion to copy the person's full name from the search bar and insert it into its ad.

25. Once a person clicks on one of the advertisements, Spokeo directs him or her to its website. Spokeo promises that a visitor can "Get Instant Information on [Searched Individual]" and displays an offer to purchase either a "Name Report Only" or a "Full Name Report" including a trial membership to access its database. *See* Figure 3, below.

6

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 7 of 12



(**Figure 3**, showing Spokeo's offer to sell reports on Plaintiff Vinci.)

26.  In this way, Spokeo misappropriated people's full names for its own commercial benefit (to market and promote its products and services). Spokeo does this to trick people into clicking on its advertisement and purchase a report *because it purports to have valuable personal information on the exact person they are searching for online.*

27.  Most importantly, Spokeo never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendant never notified Plaintiff and Class members that their names would appear in its paid search engine advertisements. Moreover, Plaintiff and the Class members have no relationship with Spokeo.

28.  Plaintiff, on behalf of herself and a Class of similarly situated Illinois residents, seeks relief for Spokeo's violation of the IRPA, including (1) an injunction requiring Spokeo to cease using Illinois residents' names in advertisements, (2) the greater of an award of actual damages, including profits derived from an unauthorized use of individuals' names, or statutory

7

damages to Plaintiff and the Class members, (3) an award of putative damages, and (4) an award of costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF VINCI

29. On or around January 2017, Plaintiff Nicole Vinci discovered that Spokeo uses her name in advertisements on major search engines (including Google and Bing) to encourage consumers to visit its website and purchase personal reports about her.

30. Although Spokeo created numerous advertisements across several search engines, the advertisements are substantially the same, with all featuring Vinci's full name and stating, "We Found Nicole Vinci." (*See* Figures 1, 2.)

31. When a consumer clicks on one of these advertisements, it directs him or her to Spokeo's website, where various reports about Vinci are offered for sale, as shown in Figure 3.

32. Vinci never provided Spokeo with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Spokeo to use her full name in paid search advertisements for its website and reports.

33. Plaintiff Vinci is not and has never been a Spokeo customer. She has no relationship with Spokeo whatsoever.

## CLASS ALLEGATIONS

34. **Class Definitions**: Plaintiff Nicole Vinci brings this action pursuant to 735 ILCS 5/2-801 on behalf of herself and a Class defined as follows:

> All Illinois residents (1) whose names were displayed in one or more Spokeo advertisement(s) on Google or Bing, and (2) who have never purchased any products or services from Spokeo.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 8 of 12

8

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 9 of 12

any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendant's records.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Spokeo used Plaintiff's and Class members' names and identities in advertisements for its own commercial benefit;

   b. Whether Plaintiff's and Class members provided their written consent to Spokeo to use their names and identities in advertisements;

   c. Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1 *et seq.*; and

   d. Whether Plaintiff and the Class are entitled to injunctive relief.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

9

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 10 of 12

38. **Appropriateness**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1 *et seq.*

41. Defendant sells detailed profile reports about people.

42. In order to promote those reports, Spokeo used Plaintiff's and Class members' full names in its paid search engine advertisements. As described above, when a person's full name is searched on Google or Bing, Spokeo automatically displays an advertisement featuring

10

the searched person's full name.

43. Spokeo's advertisements have a commercial purpose in that the online advertisements promote the Spokeo website and the reports it sells to the public.

44. Plaintiff and members of the Class never provided Spokeo with their written consent to use their full names (or any attribute of their identity) in advertisements for Spokeo. Spokeo never notified Plaintiff and Class members that their names would be used in commercial advertisements.

45. Spokeo deprived Plaintiff and Class members of control over whether and how their names can be used for commercial purposes.

46. Based upon Spokeo's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Spokeo to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of putative damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 11 of 12

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

a. Certifying this case as a class action defined above, appoint Nicole Vinci as Class Representative, and appoint her counsel as Class Counsel;

b. Declaring that Spokeo's actions described herein constitute a violation of the Illinois Right of Publicity Act;

c. Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Spokeo from engaging in

11

ELECTRONICALLY FILED
1/19/2017 5:47 PM
2017-CH-00845
PAGE 12 of 12

the wrongful and unlawful acts described herein;

d. Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

e. Awarding punitive damages where applicable;

f. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

g. Awarding Plaintiff and the Class pre- and post-judgment interest; and

h. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all matters that can be so tried.

Respectfully Submitted,

**NICOLE VINCI**, individually and on behalf of all others similarly situated,

Dated: January 19, 2017

By: /s/ Ari J. Scharg
One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 N. LaSalle St. 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378
Firm ID: 44146

*Attorneys for Plaintiff and the Class*

12